UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANTHONY SAM WHITE,

Plaintiff,

v.

TROY BOWSER, Superintendent; SHERRY
ILES, TRCI ADA Corr.; MARCIA VENTURA,
Statewide ADA Corr.; SHANNON JOHNSTON,
TRCI Nurse Manager; BRIDGITT AMSBERRY;
D. HARDY, TRCI Nurse,

Defendants.

Case No. 2:19-cv-01164-CL

OPINION AND ORDER

CLARKE, Magistrate Judge:

Plaintiff, an inmate formerly housed at the Two Rivers Correctional Institution (TRCI), filed this action alleging violations of his rights under the federal constitution and the Americans with Disabilities Act (ADA). Defendants move for dismissal on grounds that plaintiff's claims are barred by the statute of limitations. I deny the motion at this stage of the proceedings.[1]

---

[1] Plaintiff has not yet responded to defendants' motion and recently requested an additional 90 days to respond. An extension for that length of time is not warranted, and, after further review, plaintiff's response is not necessary for resolution of defendants' motion.

1   - OPINION AND ORDER

DISCUSSION

Plaintiff is a paraplegic inmate in the custody of the Oregon Department of Corrections (ODOC). Plaintiff alleges that defendants violated his rights under the Eighth Amendment and the ADA by denying him mobility aids and adequate housing while he was housed in the TRCI Disciplinary Segregation Unit (DSU). Compl. at 4-7 (ECF No. 2). Defendants move for dismissal of plaintiff's claims, arguing that plaintiff filed suit beyond the relevant statute of limitations.

A two-year statute of limitations applies to plaintiff's claims under 42 U.S.C. § 1983 and the ADA, meaning that plaintiff was required to file suit within two years of the alleged violations of his rights. *See Sain v. City of Bend*, 309 F.3d 1134, 1139 (9th Cir. 2002) (a two-year statute of limitations applies to § 1983 claims); *Savona v. S. Oregon Univ.*, 2018 WL 1547843, at *4 (D. Or. Mar. 29, 2018) (a two-year statute of limitations applies to ADA claims unrelated to employment); *Walden v. Dawson*, 2014 WL 5810824, at *6 (D. Or. Nov. 7, 2014) (accord). According to plaintiff's Complaint, the actions giving rise to his claims – the denial of mobility aids and adequate housing in DSU – occurred between February and April of 2017. However, plaintiff did not file suit until July 18, 2019, more than two years after the alleged violations of his rights. Defendants thus maintain that plaintiff's Complaint is untimely.

Notably, plaintiff also alleges that he filed several administrative grievances regarding the alleged violations of his rights. Compl. at 4-6. "This circuit has, with other circuits, adopted a mandatory tolling provision for claims subject to the Prison Litigation Reform Act." *Soto v. Sweetman*, 882 F.3d 865, 872 (9th Cir. 2018). Accordingly, the statute of limitations is tolled while a prisoner exhausts the relevant prison grievance process as required by the PLRA. *See*

*Brown v. Valoff*, 422 F.3d 926, 942-43 (9th Cir. 2005) ("the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process").

Based on plaintiff's allegations, it is unclear whether he properly exhausted the ODOC grievance process and whether and for how long the limitations period was tolled. While it seems unlikely that the limitations period was tolled for several months while plaintiff exhausted the grievance process, I must construe all inferences in favor of plaintiff and afford him "the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation omitted). Because I cannot determine from the face of the Complaint whether exhaustion of the grievance process tolled the statute of limitations, dismissal is not appropriate.

Plaintiff also renews his motion for appointment of counsel. As explained in a previous Order, plaintiff is able to articulate his claims and he does not establish that this is an exceptional case warranting the appointment of volunteer counsel. Accordingly, the motion is denied.

## CONCLUSION

Defendants' Motion to Dismiss (ECF No. 20) is DENIED with leave to renew at a later stage of the proceedings. Plaintiff's Motion for Extension of Time (ECF No. 30) is DENIED as moot. Plaintiff's Motion for Appointment of Counsel (ECF No. 28) is DENIED with leave to renew if the case proceeds beyond summary judgment.

IT IS SO ORDERED.

DATED this 25th day of March, 2020.

/s/ Mark D. Clarke
MARK D. CLARKE
United States Magistrate Judge