IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

ANTHONY SAM WHITE,

        Plaintiff,

v.

TROY BOWSER, SHERRY ILES,
MARCIA VENTURA, SHANNON
JOHNSTON, BRIDGITT AMSBERRY,
D. HARDY,

        Defendants.

Case No. 2:19-cv-01164-CL

**OPINION & ORDER**

---

CLARKE, Magistrate Judge.

    Plaintiff Anthony Sam White ("Plaintiff") filed this action *pro se* while incarcerated at Two Rivers Correctional Institution ("TRCI"). This case was dismissed without prejudice on July 26, 2021, for failure to provide the Court with a mailing address for over sixty days following Plaintiff's release from prison. Plaintiff has obtained counsel and now moves for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). For the following reasons, Plaintiff's Motion for Relief from Judgment (#62) is GRANTED.

1 – OPINION & ORDER

## BACKGROUND

Plaintiff, representing himself *pro se*, filed this civil rights lawsuit on July 25, 2019, while still incarcerated at TRCI. Plaintiff is paralyzed from the waist down and requires a wheelchair. Plaintiff alleges that during his incarceration at TRCI, the defendants subjected him to inhumane medical treatment in violation of his constitutional rights as well as the Americans with Disabilities Act. Plaintiff also filed a petition for writ of habeas corpus in Umatilla County Circuit Court.

In Plaintiff's state court case, the circuit court judge determined that the Oregon Department of Corrections ("ODOC") had failed to provide constitutionally adequate medical treatment to Plaintiff and ordered the defendants to meet a number of conditions to address Plaintiff's medical needs. Shortly thereafter, the circuit court judge determined that ODOC was not meeting those conditions and willfully refused to comply with the court's order, causing Plaintiff avoidable suffering. On April 29, 2021, the state court ordered Plaintiff's immediate release from TRCI. The state court also ordered TRCI to pay for a hotel room for Plaintiff for a reasonable period of time to allow Plaintiff to find acceptable alternative housing.

On May 13, 2021, Plaintiff filed a motion for extension of time in this case, in which he informed the Court that he was anticipating his release from prison and that he would provide the Court with his updated contact information once known. The Court granted Plaintiff's motion the next day and sent the order to Plaintiff through the Court's prison e-filing program. Plaintiff had already been released by the time of the Court's order, so the order was returned as "undeliverable." The Court did not receive notice of a forwarding address for Plaintiff. On July 26, 2021, after more than 60 days had passed without communication from Plaintiff, the Court dismissed the action pursuant to Local Rule 83-12.

According to defendants, Plaintiff was released from ODOC on May 6, 2021, and transported by private vehicle to a hotel in Portland, Oregon. ODOC paid for hotel accommodations from May 6, 2021, to July 5, 2021. Defendants claim that during this time, ODOC received requests from Plaintiff via e-mail and from his attorney on Plaintiff's habeas case.

## DISCUSSION

Plaintiff has obtained counsel and now moves for relief from judgment because of "excusable neglect" pursuant to Federal Rule of Civil Procedure 60(b). A motion under Rule 60(b) must be made within a reasonable time, no more than one year after the entry of the judgment. FRCP 60(c)(1). Under Rule 60(b), the Court may relieve a party from a final judgment because of "mistake, inadvertence, surprise, or excusable neglect." FRCP 60(b)(1). The Supreme Court has explained that "'excusable neglect' is understood to encompass situations in which the failure to comply with a filing deadline is attributable to negligence." *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 394 (1993). When determining whether neglect is "excusable," the court must consider all the circumstances, including (1) the danger of prejudice to the adverse party; (2) the length of any delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the moving party acted in good faith. *Smith v. Wagstaff*, 3 Fed. Appx. 612, 614 (9th Cir. 2001).

Considering the four factors established in *Pioneer*, the Court finds relief from judgment appropriate in this case. First, the Court finds no danger of prejudice to defendants. Second, the motion is made within one year of entry of judgment, in compliance with Rule 60(c)(1). Third, Plaintiff's sudden release from prison presented the type of circumstances where neglecting to inform the Court of a forwarding address is both excusable and understandable. Finally, the

Court finds no evidence of bad faith from Plaintiff. While defendants point out that ODOC provided Plaintiff with a hotel room for 60 days following his release from prison, there is no evidence that Plaintiff acted in bad faith when he prioritized his survival after release from prison over prosecuting his federal civil rights lawsuit.

## ORDER

For the reasons provided above, Plaintiff's Motion for Relief from Judgment (#62) is GRANTED. The Clerk is directed to VACATE the Order to Dismiss (#59) entered on July 26, 2021. Plaintiff shall file an amended complaint within 60 days from the date of this Opinion and Order.

IT IS SO ORDERED.

DATED this 6 day of July, 2022.

MARK D. CLARKE
United States Magistrate Judge